**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PATRICK MINOR, | § | |
| *Plaintiff* | § | |
| | § | SA-21-CV-00210-XR |
| -vs- | § | |
| | § | |
| RED HOOK CAJUN SEAFOOD, JOHN | § | |
| LNU, OPERATIONS MANAGER, RED | § | |
| HOOK CAJUN SEAFOOD; | § | |
| *Defendants* | § | |

**<u>ORDER</u>**

On this date the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed June 15, 2021. ECF No. 8.

Plaintiff Patrick Minor sued his former employer Red Hook Cajun Seafood and its manager "John" on March 2, 2021, claiming that Defendants discriminated against him because of his race, in violation of the Fourteenth Amendment. *See* ECF No. 1. He did so seeking to proceed *in forma pauperis* ("IFP").

On May 14, 2021, the Magistrate Judge granted Plaintiff's request to proceed IFP but ordered him to file a more definite statement of his claims. *See* ECF No. 3. In that order, the Magistrate Judge outlined multiple issues with the Proposed Complaint. Specifically, Plaintiff failed to allege any facts to suggest that Defendants—who appear to be private parties—were capable of acting under color of state law. *See id.* (citing *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) & *United States v. Reyes*, 87 F.3d 676, 680 (5th Cir. 1996)). Even assuming Plaintiff asserted a claim for race discrimination in violation of an applicable federal statute, he failed to allege any facts to support such a claim. *See id.* (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, Plaintiff failed to allege that he exhausted his administrative remedies or timely initiated this action. Finally, the Magistrate Judge explained that Title VII does not provide for the imposition of individual liability. *See id.* (citing *Johnson v. TCB Const. Co.*, 334 F. App'x 666, 669 (5th Cir. 2009)). Mindful of the obligation to liberally construe a *pro se* plaintiff's complaint, however, the Magistrate Judge permitted Plaintiff to file a more definite statement to address the above-referenced pleading deficiencies and clarify the factual and legal bases for his claims.

On May 18, 2021, Plaintiff filed an amended complaint, clarifying that he is seeking relief pursuant to Title VII and asserting various factual allegations that allegedly support a claim for race and age discrimination.[1]

On June 15, 2021, the Magistrate Judge issued a Report and Recommendation that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that, notwithstanding any filing fee, courts shall dismiss actions that (1) are frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.

Setting aside the sufficiency of Plaintiff's factual allegations, the Magistrate Judge concludes that Plaintiff's claims should be dismissed as untimely. A plaintiff who brings a claim for employment discrimination must file a civil action no more than 90 days after he "receives statutory notice of h[is] right to sue from the [Equal Employment Opportunity Commission]." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009). "The ninety-day window is strictly construed and is a precondition to filing suit in district court." *Id.* (quotations omitted).

---

[1]    The Court assumes that Plaintiff brings his age-discrimination claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34.

The Notice of Rights letter attached to Plaintiff's Amended Complaint was mailed by the EEOC on September 23, 2020. *See* ECF No. 6 at 4. Accordingly, absent any information to the contrary, there is a presumption that this letter was received by Plaintiff three days later, *i.e.*, on September 26, 2020. *See Comer v. Gates of Cedar Hill*, No. 3-00-CV-2499-N, 2002 WL 31329364, at *3 (N.D. Tex. Oct. 11, 2002); *see also Jenkins v. City of San Antonio Fire Dep't*, 12 F. Supp. 3d 925, 936 (W.D. Tex. 2014), *aff'd*, 784 F.3d 263 (5th Cir. 2015) (collecting authorities). Plaintiff did not initiate this action until over five months after that, on March 2, 2021. *See* ECF No. 1. Because Plaintiff failed to set forth any facts to support a right to equitable tolling, the Magistrate Judge concludes that the claims are without merit. *See* ECF No. 8 at 3.

Finally, neither Title VII nor the ADEA provides for the imposition of individual liability. Accordingly, the Magistrate Judge observes that suing Red Hook's Operations Manager for a violation of either statute would be fruitless. *See* ECF No. 8 at 3–4 (citing *Johnson v. TCB Const. Co., Inc.*, 334 F. App'x 666, 669 (5th Cir. 2009) and *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)). Accordingly, the Magistrate Judge has recommended that the case be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on June 16, 2021. ECF No. 9. No objections have been filed. Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's case is **DISMISSED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Patrick Minor at 7815 Larcrest Lane, San Antonio, Texas 78251 and to provide a copy by email to minorpatrick0064@gmail.com.

It is so **ORDERED**.

SIGNED this 20th day of July, 2021.

 

 

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE